UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PITTSFIELD CHARTER TOWNSHIP,

    Defendant.

_____/

Civil No. 15-13779
Hon. Matthew F. Leitman

## CONSENT ORDER

### I.    INTRODUCTION AND BACKGROUND

1. This Consent Order ("Order") is entered between the United States of America ("the United States") and Pittsfield Charter Township, Michigan ("Pittsfield Township" or "the Township").

2. The United States brought this action on October 26, 2015 to enforce provisions of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 2000cc-2.

3. Defendant Pittsfield Township is a municipal corporation and political subdivision of the State of Michigan. The Township has the authority

1

to regulate and restrict the use of land and structures within its borders, including granting and denying rezoning petitions. The Township is governed by a seven-person Board of Trustees, which votes on some land use decisions after receiving recommendations from the Township's Planning Commission.

4. Pittsfield Township is a "government" within the meaning of 42 U.S.C. § 2000cc 5(4)(A).

5. Pittsfield Township's processes and requirements regarding the granting or denial of a rezoning petition constitute "land use regulation[s]" under RLUIPA, 42 U.S.C. § 2000cc 5(5).

6. Michigan Islamic Academy ("MIA") is a full-time Islamic School, pre-kindergarten through Grade 12, located in Ann Arbor, Michigan. MIA currently operates out of a building that it shares with the Muslim Community Center of Ann Arbor and Vicinity ("MCA"), a community center and mosque, on a 2.7 acre property in Ann Arbor.

7. MCA and MIA are "religious institution[s]" under RLUIPA, 42 U.S.C. § 2000cc (a)-(b).

8. MIA's operation as a religious school constitutes "religious exercise" under RLUIPA, 42 U.S.C. § 2000cc 5(7)(A)-(B).

9. On September 8, 2010, Mr. Said Issa purchased a 26.7 acre tract of undeveloped land in Pittsfield Township for $260,000.00 (the

"Property"). The site was zoned as part of a residential planned unit development ("PUD"). In about June 2015, the property was conveyed to MIA with some restrictions, allowing MIA access to 5 acres to build a school.

10. On December 6, 2010, MIA submitted a petition to the Township to amend/rezone the existing residential PUD to allow construction of a one-story school building. On August 4, 2011, the Planning Commission voted to recommend to the Board of Trustees that it deny MIA's rezoning petition. On October 26, 2011, the Board of Trustees voted to adopt the Planning Commission's recommendation and denied MIA's rezoning petition.

11. The United States alleges in its Complaint that the Board's denial of MIA's rezoning petition violated provisions of RLUIPA. Pittsfield Township denies those allegations.

12. The United States and Pittsfield Township agree that the United States' claims should be resolved amicably and without further litigation. Accordingly, the United States and Pittsfield Township agree to the terms of and entry of this Consent Order, as indicated by their signatures below.

13. Nothing in this Consent Order constitutes nor should be considered to constitute any admission of wrongdoing or liability by Pittsfield Township

3

and Pittsfield Township specifically denies any and all allegations of wrongdoing or liability.

Therefore, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

## II. MICHIGAN ISLAMIC ACADEMY'S USE OF THE PROPERTY FOR A SCHOOL

14. The Township agrees to abide by the terms of the Consent Judgment filed concurrently with this Order in the case titled *Muslim Community Association of Ann Arbor and Vicinity v. Pittsfield Charter Township*, U.S. Eastern District Court Case No.: 12-CV-10803, which includes the right of MIA to build its requested school on the Property subject to the terms of the Consent Judgment.

## III. NOTICE TO THE PUBLIC

15. Within 60 days after the date of entry of this Order, Pittsfield Township shall do the following:

> a. *Signage.* The Township shall post and maintain printed signs regarding their obligations under RLUIPA within sight of each public entrance to the Pittsfield Township City Government Office Building located at 6201 Michigan Avenue. The signs shall conform to Appendix A;

b. *Internet Posting.* The Township shall post and maintain on the first page of its Internet home page (http://pittsfield-mi.gov/) for not less than 180 days a notice stating the following in type equivalent in size to the majority of other type on the page. The notice shall read, "Consistent with the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000, Pittsfield Charter Township does not apply its zoning or land use laws in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, does not apply its zoning or land use laws in a manner that treats religious assemblies or institutions on less than equal terms than nonreligious assemblies or institutions, and does not discriminate on the basis of religion in the application of its laws, policies, or procedures, including the application of its land use regulations and zoning laws."

c. *Future Religious Use Applicants.* The Township will act on any and all applications or inquiries about a Conditional Use Permit, Rezoning, Variance, Special Exception, or other land use determination concerning the religious use of property in the

same manner as the Township would regarding any other applicant, but taking any and all such different or additional actions as may be necessary to satisfy all provisions of RLUIPA.

### IV. TRAINING

16. Within 90 days after the entry of this Order, each person with responsibilities relating to the implementation and enforcement of any zoning or land use regulations within the Township shall be given a copy of, and be required to read, this Order, and shall sign the statement appearing at <u>Appendix B</u>. Each such individual that commences responsibilities relating to the implementation and enforcement of any zoning or land use regulations within the Township at a time after 90 days after the entry of this Order shall be given a copy of, and be required to read, this Order, and shall sign the statement appearing at <u>Appendix B</u>, within 10 days of the commencement of such responsibilities.

17. Within 90 days after the entry of this Order, the Township shall provide training on the requirements of RLUIPA to all members of the Township Board of Trustees, all members of the Planning Commission, all members of the Township's Planning Department, all members of the Township's Legal Department, all members of the Township's Code Compliance Department, and any other Township elected official, appointee,

employee, or contractor involved in the review of land use applications. The training shall be conducted by a qualified person or organization selected by the Township Attorney and approved by the United States, which approval shall not be unreasonably withheld. Within 120 days after the entry of this Order, the Township shall secure and deliver to counsel for the United States a written certification of each individual's attendance at the RLUIPA training, together with a copy of all training materials, including but not limited to a course syllabus, outline, or other written handouts. The Township shall pay all training costs.

## V.   REPORTING, RECORD-KEEPING, AND MONITORING

18.   Within 180 days after the date of entry of this Order, and every six (6) months thereafter, the Township shall send a report evidencing its compliance with this Order to counsel for the United States,[1] except that the last report shall be filed 60 days prior to the fifth anniversary of the Order. This report shall consist of appropriate documentary evidence, including but not limited to the text of all new policies or procedures implemented as a result of this Order, demonstrating the Township's compliance with Sections II-IV of

---

[1] For purposes of this Order, all submissions to the United States or its counsel should be submitted to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, Attn: DJ# 210-37-11, Fax: 202-514-1116, or as otherwise directed by the United States.

this Order.

19. The Township shall notify the United States in writing within 60 days of all amendments to the Township's zoning code that have been approved during the duration of this Order by the Township and that affect religious land use. The notification shall include copies of all such approved amendments, which copies shall be maintained by the Township.

20. The Township shall maintain copies of all written applications that seek the Township's consideration or approval of any land use for religious purpose. The Township may maintain such copies in the manner that it would maintain copies of written applications for any other land use application for any other purposes, but must retain them for the duration of this Order. Such applications include, without limitation, conditional use permits, applications for rezoning, variances, building permits, special permits, renewals of permits, special exemptions, and zoning text amendments.

21. The Township shall maintain copies of all written complaints it receives concerning any alleged restriction or prohibition by the Township of, or interference with, the use of land in the Township for religious purpose throughout the duration of this Order. If the complaint is oral, the Township shall request the complainant make the complaint in writing. The Township shall advise the United States within 15 days after receipt of any such written

complaint.

22. The Township shall retain all records related to the Michigan Islamic Academy. These records shall include, but are not limited to:

    a. Correspondence to the Township concerning the Michigan Islamic Academy;

    b. Complaints made to Township law enforcement or other enforcement departments concerning the Michigan Islamic Academy;

    c. Any information concerning alleged or actual harassment or threatening conduct directed at the Michigan Islamic Academy or its members; and

    d. Any law enforcement or investigative action taken by the Township concerning the Michigan Islamic Academy.

Nothing in this paragraph requires the Township to maintain all documents produced in the discovery process in *Muslim Community Association of Ann Arbor and Vicinity v. Pittsfield Charter Township*, U.S. Eastern District Court Case No.: 12-CV-10803, but instead this paragraph applies to those documents existing in the official records of the Township as of October 26, 2011, and those

9

above-described documents received by or sent by the Township during the duration of this Order.

## VI. INSPECTION OF RECORDS

23. For the duration of this Order, upon reasonable written notice, of not less than 30 days, by counsel for the United States to counsel for the Township, the Township shall permit representatives of the United States to inspect and copy all non-privileged pertinent records of the Township referenced in paragraphs 18-22 of this Order, provided the United States has not inspected the Township's records pursuant to this provision in the previous six months. Any inspection or copying of documents as referenced in this paragraph shall be conducted at a time and place mutually convenient to the parties.

## VII. DURATION OF ORDER AND TERMINATION OF LEGAL ACTION

24. The Court shall retain jurisdiction for the duration of this Order to enforce the terms. The duration of this Order shall be a period of five (5) years from the date of its entry. The United States may file a motion with the Court to extend the duration of the Order in the event of noncompliance, whether intentional or not, with any of its terms, or if it believes the interests of justice so require. The Township may respond to the motion consistent with

the Federal Rules of Civil Procedure and this Court's Local Rules.

25. Any time limits for performance imposed by this Order may be extended by the mutual written agreement of the Parties.

26. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of or compliance with this Order prior to bringing such matters to the Court for resolution. If the Parties cannot resolve their differences informally, they may move this Court for relief allowed by law or equity.

### VIII. INTEGRATION

27. This Order contains the entire agreement between the United States and the Township. No agreements or negotiations, oral or otherwise, between the Parties that are not included herein shall be of any force or effect.

### IX. TERMINATION OF LITIGATION HOLD

28. The parties agree that, as of the date of the entry of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described above or in the United States' Complaint. To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this

paragraph relieves any party of any other obligations imposed by this Consent Order.

## X. NO COSTS OR FEES

29. The parties will bear their own costs and fees associated with this litigation.

## XI. MERGER OF CLAIMS

30. This Consent Order binds all parties to the full and final resolution that is described herein of all actual and potential interests, allegations, defenses, claims, counterclaims, and relating to the subject matter of the disputes that have been raised or could have been raised in this action.

ENTERED THIS 14th day of October, 2016.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

## APPENDIX A
## NOTICE

CONSISTENT WITH THE UNITED STATES CONSTITUTION AND THE RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT OF 2000, PITTSFIELD CHARTER TOWNSHIP DOES NOT APPLY ITS LAND USE REGULATIONS AND ZONING LAWS IN A MANNER THAT IMPOSE A SUBSTANTIAL BURDEN ON THE FREE EXERCISE OF RELIGION, TREAT RELIGIOUS ASSEMBLIES OR INSTITUTIONS LESS EQUALLY THAN NONRELIGIOUS ASSEMBLIES OR INSTITUTIONS, OR DISCRIMINATE ON THE BASIS OF RELIGION.

# APPENDIX B
# CERTIFICATION OF RECEIPT OF CONSENT ORDER

I, _____, certify that I have received a copy of the Consent Order entered by the United States District Court for the Eastern District of Michigan in <u>United States</u> v. <u>Pittsfield Charter Township, Michigan</u>, Civ. No. 2:15-cv-13779 (E.D. Mich.). I further certify that I have read and understand the aforementioned Consent Order, that all my questions were answered concerning it, and that I understand that my violation of this Consent Order may result in sanctions against the Pittsfield Charter Township.

_____
(Signature)

_____
(Print name)

_____
(Date)